## OLIVER v. MORFORD *et al.*

No. 6103. Opinion Filed February 29, 1916.

(155 Pac. 865.)

**FRAUDULENT CONVEYANCES—Fraud of Creditors—Proof.** Record examined, and **held:** (1) Plaintiff was entitled to personal judgment aganst defendant, F. S. Morford; (2) the evidence was wholly insufficient to establish that the conveyance sought to be canceled was made with intent to defraud, and the demurrer thereto was in this respect properly sustained.

(Syllabus by the Court.)

*Error from District Court, Alfalfa County; James B. Cullison, Judge.*

Action by J. L. Oliver against F. S. Morford and another. Judgment for defendants, and plaintiff brings error. Affirmed in part and reversed, with directions.

*A. C. Beeman,* for plaintiff in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Alfalfa county on March 12, 1912, by J. L. Oliver, as plaintiff, to recover against F. S. Morford on a transcript of a judgment against him, rendered by the county court of Mesa county, Colo., and to cancel and set aside a conveyance of certain lands situate in Alfalfa county, made by him to James T. Morford on January 31, 1912, alleged to have been without consid-

eration and executed for the sole purpose of defrauding plaintiff and preventing the subjection of the property described therein to the payment of the Colorado judgment. and any judgment that might be recovered thereon in this jurisdiction against the said F. S. Morford. Defendants answered separately, by general denial, and alleged that the conveyance sought to be canceled was executed in good faith, upon a valuable consideration, etc. Upon trial to the court, a demurrer to the evidence offered by plaintiff was sustained, judgment rendered for defendants, and plaintiff has appealed. No question as to the joinder of the causes of action or the right of plaintiff to maintain the same is presented; and the only matter to be considered here is the action of the court in sustaining the demurrer to the evidence. Such evidence consisted of a duly authenticated transcript of the Colorado judgment; testimony showing that the defendant F. S. Morford had been a resident of the State of Colorado; that the conveyance of the land in Oklahoma was executed on the day the action was commenced in which the judgment in the Colorado court was obtained; and that such conveyance recited a consideration of "one dollar and other valuable considerations."

From the evidence introduced in the trial court, it is obvious that the plaintiff was entitled to personal judgment against the defendant F. S. Morford on the transcript of the Colorado judgment. If the equitable jurisdiction of the court was properly invoked, it is equally clear that the evidence introduced is wholly insufficient to establish the allegation of the petition that the conveyance sought to be canceled was made with intent to avoid the debt of the grantor evidenced by the judgment sued on, and thus to defraud the plaintiff as his creditor.

The judgment of the trial court should therefore be affirmed in so far as it affects the conveyance in question and the rights of the defendant James T. Morford to the land involved, and reversed, with directions to the trial court to render judgment upon the transcript of the judgment in the Colorado court against the defendant F. S. Morford, in accordance with the prayer of the petition.

By the Court: It is so ordered.